# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**EVERCOM SYSTEMS, INC.**                                                                           **PLAINTIFF**

**V.**                                                  **CASE NO. 1:06CV308**

**WINSTON COUNTY BOARD OF SUPERVISORS,**
**TOM BLALOCK, President of the Board; JERRY**
**ESTES, Supervisor; LUKE LAMAR PARKES, Supervisor;**
**LAMAR TURNIPSEED, Supervisor; and**
**LAMAR CLARK, Supervisor**                                   **DEFENDANTS**

## ORDER

This cause comes before the court on the plaintiff's motion [5] for a preliminary injunction. Having heard evidence and arguments from the parties and having reviewed the memorandae, this court is prepared to rule.

In order to obtain a preliminary injunction, a plaintiff must demonstrate: 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; 3) the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and 4) that granting the preliminary injunction will not disserve the public interest. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A preliminary injunction is an extraordinary remedy which should only be granted if the party seeking the injunction has clearly carried the burden of persuasion on all four requirements. *Karaha Bodas Co.*, 335 F.3d at 363.

An examination of the first element — the substantial likelihood that the plaintiff will prevail on the merits — causes the court to find that the plaintiff has not satisfied this element. The defendant has directed the court's attention to *Tullos v. Town of Magee*, 179 So. 557 (Miss. 1938) and *American Oil Co. v. Marion County*, 192 So. 296 (Miss. 1939), which illustrate the well established rule of law that a board of supervisors may not contractually bind their successors in office from exercising their discretionary authority in the absence of express statutory authority. The defendant also directs the court's attention to several persuasive Mississippi Attorney General opinions, including a 1999 opinion which also noted that a contract entered into by one board of aldermen is not binding on the next board and is voidable at the option of the next board when it assumes office. *See* Op. Atty. Gen. No. 1999-0156, 1999 WL 325710 (April 2, 1999).

The plaintiff asserts that the defendant's argument is entirely rebutted by the legislative enactments establishing the Regional Correctional Facilities. Miss. Code Ann. §47-5-931 *et seq*. is titled "Incarceration of State Offenders in County Owned or Leased Correctional Facilities." The plaintiff notes that § 47-5-931 authorizes the "Department of Corrections (DOC) to contract with the board of supervisor of one or more counties...to provide for housing, care, and control of not more than three hundred (300) offenders who are in the custody of the State of Mississippi." §47-5-933 states that the DOC may contract for the purposes set out in §47-5-931 for a period not more than twenty years. Most probative on the matter at hand is §47-5-937, which states that §§ 47-5-931 through 47-5-941 are the full and complete authority for the exercise of all powers and authority granted herein and no requirements or restrictions of law which would otherwise be applicable to acts of the county or sheriff or the Department of Corrections shall be applicable

2

except as expressly provided herein. While there is express authority for the DOC to contract with counties to house offenders in county correctional facilities, there is no express statutory authority in the aforementioned §§47-5-931 through 941 that permits the county or sheriff or Department of Corrections to contract for services that validly bind their successors. Notably, an annotation to §47-5-937 directs the court to Op. Atty. Gen. No. 2001-0167, 2001 WL 1627701 (November 20, 2001). The opinion acknowledges that §47-5-937 creates a position for counsel at a regional correctional facility to be selected by the sheriff for a term commensurate with the duration of the indebtedness incurred for the construction of the facility, yet points out that this does not authorize the sheriff to bind his or her successors as the employment contract entered into under this statute would be voidable by a subsequent sheriff. As the court finds that the plaintiff has not shown a substantial likelihood of success on the merits, examination of the other elements is unnecessary for this analysis as the plaintiff must carry the burden of proof on all elements in order to succeed. As such, the plaintiff's motion [5] for a preliminary injunction is DENIED.

This the 5th day of December, 2006.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**